UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------X

RICHARD HARDY,

                Plaintiff,

   -against-

PO DAILY et al.

PO. JORGE GRULLON,

                Defendants.

-------------------------------------------------X

AMENDED COMPLAINT

16 CV. 8443

RECEIVED
SDNY PRO SE OFFICE
2017 FEB -7 PM 3: 06
S.D. OF N.Y.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/7/17

United States District Judge: ROBERT W.SWEET

      Plaintiff, appearing pro se, brings this action under 42 U.S.C. 1983. The Court directs Plaintiff to submit an Amended Complaint within (90) days of the date of this order November 17, 2016.

Pursuant to 42 U.S.C. 1983 the plaintiff requests the help of the court in identifying the unidentified Police officer.

Pursuant to 42 U.S.C 1983 Timeliness, the plaintiff contends that the complaint was filed on November 17, 2016. The Defendant has not provided the U.S. Marshalls Service with the name of the Unidentified Police Officer after being served on December 23, 2016 within the (90) days. The defendant has refused to comply with the U.S. Marshalls Service in providing the name of the Unidentified Police Officer so that he may also be served, causing a delay in the discovery proceedings I ask that a deposition be taken from Police Officer Daly to obtain the name of the Unidentified Officer and answer interrogatories provided here in. Failing to comply with this Federal Court Order and causing a delay in the discovery process by Corporation Counsel lawyer: ZACHARY W. CARTER, who wants to look at a sealed case from July 30.2015, is one year prior to the filing of the present case and has nothing to do with the present case action and is another delaying tactic. I am not on trial and PO Daly has confessed to having sex with the plaintiffs wife while on duty moments after the incident occured to PO. JORGE. As witnessed by the plaintiff and PO. JORGE, along with this AMENDED

1

COMPLAINT a request Motion for an Deposition to be taken from PO. DALY and PO. JORGE, the plaintiff is ready to present DNA evidence taken from PO Daly after his confession. The plaintiff is ready to have the Court examine the DNA evidence prior to trial. The plaintiff intends to call Leslie Meilleur Hardy, as a witness and take interrogatories from PO. DALY and PO. GEORGE.

Although federal law determines when a 42 U.S.C. 1983 action accrues, state tolling rules apply unless they would "defeat the goals of 42 U.S.C. 1983" of 1983. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). New York law provides for equitable tolling "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action. Abbas v. Dixon 480 F.3d 636, 642 (2d Cir.2007).

Pursuant to rule 4(M) that was amended in 2006 to show that pro-se litigants who can prove that the proper paper work was in the hands of the Federal Marshalls office, the proper defendants were identified, failure of the Marshalls office to serve in a timely fashion, and thru diligent effort of process the defendants cannot show that they were prejudiced in anyway. (See Kwan v. Schlein 441 F.Supp2d 491 (S.D.N.Y 2006)). Where a Police officer ran from prosecution for over three years to circumvent the law.

Pursuant to Federal Rules Civil of Civil Procedure 12(a)(2) or (3) you must serve an answer to a complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure on the plaintiff; if you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint you must also file your answer or motion with the court for failing to comply with the Court Order of November 17, 2016 directing defendants to provide U.S.Marshalls Service with the name of the Unidentified Officer, that he may also be served.

Facts:

The Police Officer DALY on duty did enter the bedroom of my home. and had sex with my mentally ill wife. Mrs Leslie Meilleur Hardy on 07/30/15.

    This police officer DALY had sexual intercourse with my wife while PO. JORGE forced me down into another room, After about 45 minutes officer Daly confessed to

2

the PO. JORGE. that he just had sex with my wife in the bedroom. Police officer DALY then began threats and pushing me down the hallway while the PO. JORGE told officer DALY " The reason that she had sex with you is that she wanted you to kill her husband" officer Daly became highly upset at me telling me " If you ever try to have sex with her again I will kill you" " if you file suit against me I will kill you".

Acting under the color of Authority officer Daily involved the use of his position for criminal acts. The plaintiff presents to the court the medical records of Leslie Meilleur Hardy as facts of her mental illness. The criminal conduct described is causing another person to engage in a sexual act by threating or placing that other person in fear by coercion, although not subjected to physical force this victim was certainly seduced, coerced persuaded, and tricked to engage in the elicit acts due to mental illness. When applied to the defendants characteristics of selfishness, immaturity, and inability to grasp the consequences of his actions as a police officer on duty answering a 911 domestic violence call forcing a husband away from his wife and having oral sex with the victim and confessing and bragging about it to other officers at the station house.

The plaintiff Richard Hardy viewed his wife Leslie Meilleur Hardy pointing at the private parts of officer Daly and opening her mouth to have sexual intercourse and could hear a sexual act being performed on Officer Daly as he stood outside of the bedroom door, with PO. JORGE, when PO. JORGE viewed the plaintiff hearing this sexual act and began to drive him away from the door and down the hallway as the plaintiff attempted to enter the bedroom. After both officers left the plaintiff began to gather DNA samples of officer DALY and reported these crimes to Police Officers on duty at TD Bank on 158th street and Broadway who called police Sargent to the TD Bank location at this time a report was taken and later that day then to Police Internal Affairs investigations unit of the 33rd precient and was interview by Police Sargents of Internal Affairs at my home before filing sue.

CHAVIS V CITY OF NEW YORK

941 N.Y.S.2d  582 (A.D. 1 Dept. 2012  civil rights   )

The defendants acknowledge that the Second Circuit has recognized two exceptions to this general principle. The state may owe a constitutional obligation to the victim of  private violence "if the state had a special relationship with the victim" or "if its agents in some way had assisted in creating or increasing the danger to the victim Matican v. City of New York, 524 F3d 151 [2d Cir 2008}] cert. denied 555U.S. 1047, 129 S.CT. 636, 172 L.ED.2D 611[2008 ]

3

We need not determine whether either of the exceptions applies because even assuming a special relationship or state-exacerbated danger, plaintiff has shown, as he must, that the police actions here shocked the conscience. In County of Sacramento v. Lewis 523 U.S.833, 118 S.CT. 1708, 140 L.Ed.2d 1043[1998], it must be "so egregious, so outrageous, that It may fairly be said to shock the contemporary conscience" (id. At 847 n. 8, 118 S.Ct. 1708). "Negligently inflicted harm is categorically beneath the threshold of constitutional due process, where as the intentional infliction of injury is the conduct most likely to rise to the conscience-shocking-level" (Matican, 524 F.3d at 158[internal quotation marks omitted]). Culpability that falls "Within the middle range... something more than negligence but less than intentional conduct, such as recklessness or gross negligence, is a matter of closer calls" (Lewis 528 U.S. at 849,118 S.Ct. 1708 [intrernal quotation marks omitted]). Although a state actor's deliberate indifference may, under some circumstances, rise to a conscience-shocking level,this ordinarily is not the case "in the context of a time-sensitive emergency" (Matican, 524 F3d. at 158) or where the defendants are "subject to the pull of competing obligations"(Lombardi v. Williams, 485 F.3d 73,83 [2d Cir2007]).

To answer a domestic violence call an have oral sex with the plaintiff's wife is shocking and will upset the 14 admenment where there exists a special relationship in that the police officer DALY, separates the husband from the wife in the bedroom and has sex with her as the husband is being detained in another room and has heard the sexual acts being performed then confesses to PO JORGE, about the sexual act in front of the husband.

PEOPLE V LEWIS

920 N.Y.S.2d 846 (A.D. Dept. 2011)

It is lacking in merit to think that Police Officer Daly confession to Police Officer Jorge was anything but voluntary "the safeguards required by Miranda are not triggered unless a suspect is subject to "custodial interrogation" [and][t]he standard of assessing a suspect's custodial status is whether a reasonable person innocent of any wrongdoing would have believed that he or she was not free to leave" (People v.Paulman, 5 N.Y.3d 122,129, 800 N.Y.S.2d 96, 833 N.E.2d 239 [2005])[internal quotation marks and citations omitted].as we ask that the statements made to Police Officer Jorge by Police Officer Daly be submitted as voluntary and admitted as evidence.

PEOPLE V JACKSON: 938 NYS2d 726 (N.Y. Crim.Ct.2011)

OFFICAL MISCONDUCT:

At issue is whether the information was facially sufficient with respect to the charge of Official Misconduct, PL 195.00(2)

To be facially sufficient, an accusatory instrument must (1)allege non-hearsay facts that would give the court reasonable cause to believe that a defendant committed the offense charged and (2)establish, if true,every element of any such offense charged and the defendant's commission

4

thereof. (see CPL 100.40(1); People v,Dumas, 68 N.Y.2d 729, 731, 506 N.Y.S.2d 319, 497 N.E.2d 686(1986); People v Alejandro 70 N.Y.2d 133,137, 517 N.Y.S.2d 927 511 N.E.2d 71 (1987). The facts in an accusatory instrument must "establish a prima facie case," supported by legally sufficient evidence to "establish that the defendant committed the crime." See  People v Alejandro 70 N.Y.2d 133,137, 517 N.Y.S.2d 927 511 N.E.2d 71 (1987).

A court reviewing the facial sufficiency of an information must consider the evidence viewed in light most favorable to the Plaintiff in a Civil court, People v.Dreyden (james), 28 Misc.3d 5, 903N.Y.S.2d 657(App.Term, 2d Dept.)lv. Denied 15 N.Y.3d 773, 907 N.Y.S.2d 461, 933 N.E.2d 1054 (2010) so long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense,

Law enforcement is a great profession, and is very professional and ethical personnel. There will always be a few who discredit the others. Don't be one of those few. Think about your decisions and actions. Will your mother or spouse be happy when they see or read about you in the news? How would you explain to your spouse that you lost your job, perhaps your entire career and reputation, for a few minutes of pleasure or indulgence in poor judgment? Here are a few officers who paid the price: U.S. COURT OF APPEALS 98.F3d 1069, 36 Fed 2, serv. 3d 711, Sergio Alverez, Darrell Best, Jonathan Bleiveiss, Michael Garcia, Daniel Holtzclaw, William Nulick, William Ruscoe, Rex NewPort, Walter Nolden, Christopher Stein Epperson.

PO. Jorge learning that P.O Daly's  conduct of having sex  with the wife of the petitioner  he did not report the incident  to any superior officer  an aided in a  cover up of the incident as required to show that the state had a special relationship with the  wife of the petitioner  to protect her from additional harm nor did officer Jorge request medical attention after learning of the sexual intercourse and the confession of P.O. DALY as to what had occurred when they were separated into different  rooms alone.

As in the present case action the petitioner complains of the sexual harassment from officer Daly and the threatening  of death to the petitioner if he tries to have sex with his wife, or files a law sue against officer DALY. Increasing the emotional distress as a result  of this type of police harassment the petitioner has experienced difficulty in trusting others, withdrawing from friends, irritated, and  distressed as forcible sexual intercourse  with the petitioners wife was unquestionably reprehensible , humiliation and mental anguish are emotional injury, considering all of the evidence and discrimination ,threats, the confession, the failure to protect from additional harm , and the creation of additional harm to  citizens while on duty of an 911 emergency call , and  the failure of Officer to report the incident to any superior officers . The special relationship supporting municipal liability in negligence, discriminatory practices, ridicule

and insult that is severe. This conduct was ignored by Officer Jorge at the time of the incident. The petitioner complains of mental sufferings from increased stress, sleeping and eating difficulties, mentally and emotionally upset and in need of counseling from the Veterans administration hospital as Officer DALY put the petitioner in fear for his life. Probable cause for an arrest "exists when an officer has knowledge of facts and circumstances sufficient to support a reasonable belief that an offence has been or is being committed". Officer Jorge had knowledge that a fellow Officer PO. DALY , had sex with the petitioners wife while on duty and the confession from P.O Daly moments after the incident and ignored this information. DNA evidence and his own admissions as to sexual intercourse with petitioners wife forensic examination of DNA samples from the bedroom linking the defendant to a special relationship and confession of oral sex with the plaintiff's wife. After having sex the defendant begins to threaten the plaintiff with death if he tries to have sex with his wife or tries to sue Officer Daly. When DNA , evidence establishes that blood and seminal fluid were found on items taken from the bedroom where the abuse took place. And I Quote from Officer Jorge " the reason that she did that is she wants you to kill her husband " aiding an earlier response to officer DALY " I just got a blow job from his wife. " engineering a cause of additional harm to petitioner.

Mental Hygiene Law 9.41, provides that police "may take into custody any person who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others" this statute is permissive not mandatory there is no requirement that police detain someone for mental health reasons, especially when that person is trying to have sex with a police officer on duty but for the PO. DALY to have sex with the mentally ill and brag or boast to other officers is clearly shocking to the conscience especially in front of the husband of the mentally ill.

Material issues of fact as to the confession of Officer Daly to Officer Jorge as to having sex . 42 USC 1983 provides that "every person who, under the color of any statute, ordinance, regulation, custom, or usage... subjects or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileged, or immunities secured by the Constitution and laws , shall be liable to the party injured" What existed is a special relationship between officer Daly and petitioners wife when the husband was separated from her in the bedroom and that officer Daly took advantage of this situation acting under the color of authority. When Officer George learned about what had transpired in the bedroom between petitioners wife and

6

Officer Daly he did not request medical attention, created a situation in which he stated " she only did that because she wanted you to kill her husband", and did not report these incidents and confession to any superior officers. " Volunteered statements are admissible provided the defendant spoke with genuine spontaneity 'and not the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed " (People v. Rivers , 56 N.Y.2d 476, 479, 453 N.Y.S.2d 156,438 N.E.2d 862, quoting People v. Maerling, ,46 N.Y.2d 289, 302-303,413 n.y.s.2d 316, 385 N.E.2d 1245; see people v. Hylton, 198.A.D.2D 301,603,N.Y.S.2d 560) The oral statements made by officer Daly to officer George were voluntary officer Daly was not confused, disoriented or unsure about what was occurring.

Dated: February 6,2017

*[signature]*

RICHARD HARDY

*[signature]*

PUBLIC NOTARY

State of New York
................SS....................
County of New York
Sworn to before me this
02/06/2017

ARABELIS A. CAMPOS
Notary Public, State of New York
No. 01CA5049476
Qualified in Bronx County
Certificate in New York County
Commission Expires Sept. 18, 2017



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ELISSA B. JACOBS
phone: (212) 356-3540
fax: (212) 356-3509
ejacobs@law.nyc.gov

January 26, 2017

**BY ECF**
Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

        Re:    Hardy v. Daly, et al.
                  16-CV-08443 (RWS)

Your Honor:

        I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and write to respond to the Court's Valentin Order issued on November 28, 2016 and plaintiff's letter that was electronically filed on January 23, 2017 in the above-referenced matter.[1]

        By way of background, plaintiff alleges, *inter alia*, that Officer Daly had sex with plaintiff's mentally ill wife. (See Docket Entry No. 2). According to the complaint, on July 30, 2015, Officer Daly entered a bedroom with plaintiff's wife while another officer forced plaintiff into another room. (Id.) Plaintiff attached a Domestic Incident Report, apparently signed by plaintiff's wife, in which plaintiff's wife states she called 911 because plaintiff was pressuring her to sleep with him. (Id.)

        Following direct communication with the investigating officer, we have identified, upon information and belief, the other officer who was present as Officer Jorge Grullon, Shield No. 31251. He can be served at the 33rd Precinct, 2207 Amsterdam Ave., New York, NY.

---

[1] Please take further notice that this case is assigned to Assistant Corporation Counsel Debra March, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision. Ms. March may be reached directly at 212-356-2410 or dmarch@law.nyc.gov

Additionally, Officer Daly's tax identification number on the docket is incorrect. Officer Daly's Shield number is 4322.

In plaintiff's letter filed on January 23, 2017, he claims that we have not provided the unidentified officer's name in a timely manner and requests permission to issue interrogatories. As discovery has not commenced in this action, these interrogatories are premature. Furthermore, the Court's November 28, 2016 Valentin Order provided this Office with sixty days to respond, giving us until January 27, 2017. As this response to the Court's November 28, 2016 Valentin Order is timely, plaintiff's request should be denied and his proposed interrogatories deemed moot.

Finally, to the best of my knowledge Officer Daly was served with the Complaint on or about January 17, 2017. Officer Daly's response to the Complaint is due February 7, 2017.

Thank you for your consideration herein.

Respectfully submitted,

/S

Elissa B. Jacobs
*Senior Corporation Counsel*

cc: **VIA FIRST CLASS MAIL**
Richard Hardy
*Plaintiff Pro Se*
421 West 162nd Street
Apt. J
New York, NY 10032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

RICHARD HARDY,

                Plaintiff,

   - against -

POLICE OFFICER DALY AND UNKNOWN
OFFICER,

                Defendants.

------------------------------------------X

16 Civ. 8443 (RWS)

O R D E R

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-26-17

Sweet, D.J.

       *Pro se* Plaintiff's motion for extension of time to amend the complaint is denied as moot. Pursuant to the Court's November 28, 2016 order of service, Plaintiff has 30 days from when he receives the information of the identified police officer to file an amended complaint. The New York Law Department has not yet provided the identity of the John Doe Defendant whom Plaintiff seeks to sue here and has until January 27, 2017 to do so.

       It is so ordered.

New York, NY
January 26, 2017

                                            ROBERT W. SWEET
                                                U.S.D.J.