UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RICHARD HARDY,

        Plaintiff,

        - against -

POLICE OFFICER DALY and POLICE OFFICER GRULLON,

        Defendants.

------------------------------------------X

16 Civ. 8443 (RWS)

O P I N I O N

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/17

A P P E A R A N C E S:

<u>Pro Se Plaintiff</u>

RICHARD HARDY
421 West 162nd Street, Apt. J
New York, NY 10032

<u>Attorney for Defendants</u>

NEW YORK CITY LAW DEPARTMENT
100 Church Street
New York, NY 100007
By: Debra M. March, Esq.

**Sweet, D.J.**

Defendants Police Officer Patrick Daly ("Officer Daly") and Police Officer Jorge Grullon ("Grullon") (collectively, the "Defendants") have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Amended Complaint of *pro se* plaintiff Richard Hardy ("Hardy" or the "Plaintiff"). Based upon the facts and conclusions set forth below, the motion is granted and the Amended Complaint is dismissed with prejudice.

## I.  Prior Proceedings

Hardy initiated the instant action on October 28, 2016, bringing claims of sexual assault and intentional infliction of emotional distress against Officer Daly. He amended his complaint on February 7, 2017 to add Officer Grullon as a named defendant (the "Amended Complaint").

The Defendants' motion to dismiss the Amended Complaint was filed on May 17, 2017 and marked fully submitted on July 5, 2017.

1

## II. The Facts

The facts as set forth below are drawn from the Plaintiff's Amended Complaint. They are taken as true for purposes of the motion to dismiss.

On July 30, 2015, Plaintiff's wife, Leslie Meilleur Hardy, made a 911 domestic violence call, to which Police Officers Daly and Grullon responded. *See* Plaintiff's Amended Complaint ("Am. Compl."), ECF No. 13, pp. 2-4. Once the officers arrived, the Amended Complaint alleges, Officer Daly had sexual intercourse with Hardy's wife while Officer Grullon forced Hardy "down [the hallway] into another room." *Id.* at 2. Plaintiff alleges that initially he stood outside the bedroom door and heard a sexual act being performed on Officer Daly, but that Officer Grullon observed this and moved Plaintiff away from the door as Plaintiff attempted to enter the bedroom. *Id.* at 3.

Plaintiff alleges that, after he emerged from the bedroom, Officer Daly confessed to Officer Grullon that he had sex with Plaintiff's wife. *Id.* at 2-3. Plaintiff claims that Officer Daly began threatening him, telling him "[i]f you ever

try to have sex with her again I will kill you," and "if you file suit against me I will kill you." *Id.* at 3.

Plaintiff states that he reported this incident to police officers on duty at a TD Bank in Manhattan, filed a report with a police sergeant, and was interviewed by the Internal Affairs department before filing suit. *Id.* He claims that his wife suffers from mental illness and was "tricked" to engage in the sexual acts described. *Id.*

### III. The Applicable Standards

The Rule 12(b)(6) standard requires that a complaint plead sufficient facts to state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss under Fed. R. Civ. P 12(b)(6), all factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*,

3

550 U.S. at 555 (quotation marks omitted). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-1312, 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)) and *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *see also Williams v. Calderoni*, No. 11-3020, 2012 WL 691832, *7 (S.D.N.Y. Mar. 1,

2012). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1216 (3d ed. 2004)).

**IV.  The Motions to Dismiss the Amended Complaint is Granted**

Section 1983 rights are "personal to those purportedly injured." *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) (internal quotation marks and citations omitted). "A party may not assert a civil rights claim on behalf of another; each party must establish that he or she was personally deprived of rights or privileges secured by the Constitution." *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988). Only when the plaintiff can demonstrate, "(1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) some hindrance to the third party's ability to protect his or her own interests," can the plaintiff bring a constitutional claim. *Huth v. Haslun*, 598 F.3d 70, 75 (2d Cir. 2010).

5

Plaintiff has failed to demonstrate that he has standing to bring the sexual assault claim on behalf of his wife. A husband generally does not have standing to bring a constitutional claim or New York state law claim on behalf of his wife. *Burton v. City of N.Y.*, No. 97 CV 0202, 1997 U.S. Dist. LEXIS 19946, at *6-7 (E.D.N.Y. Nov. 28, 1997) (granting motion to dismiss where husband did not have standing to bring § 1983 claim or New York state claim on behalf of his wife regarding her arrest and treatment). Other than his assertion that his wife is mentally ill, Plaintiff has not articulated why his wife is unable to protect her own interests. Am. Compl., p. 2.; *see Munoz v. City of N.Y.*, 2008 U.S. Dist. LEXIS 12305, at *8 (S.D.N.Y. Feb. 16, 2008) (noting that wife has no standing to bring § 1983 suit on behalf of deceased husband since husband was not a party to the action and she was not the administratrix of his estate). As Plaintiff does not have standing to bring claims on behalf of his wife related to her alleged sexual assault, the claim is to be dismissed. *See McCloud*, 677 F. Supp. at 232 (finding that plaintiffs "failed to establish that they were deprived of any rights or privileges under the law, their claim being that they suffered emotional distress due to [another individual's] alleged deprivation of his eighth amendment rights").

Plaintiff's other purported federal claim relates to the alleged threats by Officer Daly. However, words alone do not amount to a constitutional injury. *See Malki v. Hayes*, No. 11-CV-5909 (SLT) (LB), 2012 U.S. Dist. LEXIS 1000, at *14 (E.D.N.Y. Jan. 4, 2012) (noting that "[i]t is well-settled that verbal harassment and threats alone do not constitute a cognizable violation of an individual's constitutional rights") (citing *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d. Cir. 1986)). Plaintiff's allegations that Officer Daly threatened him by stating "[i]f you ever try to have sex with her again I will kill you" and "if you file suit against me I will kill you" do not amount to a constitutional violation. Therefore, this claim, too, is dismissed.

To the extent Plaintiff alleges a failure to intervene or failure to prevent claim against Officer Grullon, these claims cannot stand. Plaintiff has alleged no constitutional violations, as set forth above, thus there are no bases on which to sustain any claims that Officer Grullon failed to intervene. See *Feinbers v. City of N.Y.*, No. 99 Civ. 12127, 2004 U.S. Dist. LEXIS 16098, at *12 (S.D.N.Y. Aug. 12, 2004) ("If the Court determines that the officer's conduct did not violate a

constitutional right, however, the analysis ends.") (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

Plaintiff's claim of intentional infliction of emotional distress[1] must also be dismissed because Plaintiff failed to comply with New York General Municipal Law §§ 50-e(1)(a) & 50-i(1). In order to bring any state law claim, such as intentional infliction of emotional distress, a plaintiff must comply with New York's General Municipal Law, which states that "[n]o action. . . shall be prosecuted or maintained against the city. . . or any employee . . . unless a notice of claim shall have been made and served upon the city." N.Y. Gen. Mun. Law § 50-i. A notice of claim against a public corporation in New York must be served "within ninety days after the claim arises." N.Y. Gen. Mun. Law § 50-e(1)(a); *see also* N.Y. Gen. Mun. Law § 50-i (requiring a plaintiff to plead in the complaint that: (1) he has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has

---

[1] Plaintiff also references "tortious interference with marital relations" as a claim. However, this type of action, a state law claim also called "alienation of affections," was abolished by statute in New York many decades ago. *See, e.g.*, *Hanfgarn v. Mark*, 274 N.Y. 22, 24, 8 N.E.2d 47, 47 (1937) (holding constitutional chapter 263 of the Laws of 1935 (Civil Practice Act, §§ 61-a to 61-i), which abolished civil actions to recover damages for, *inter alia*, alienation of affections).

8

neglected to or refused to adjust or to satisfy the claim). Finally, New York's General Municipal Law requires that a claim against New York City or its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. L. § 50-i(1).

Courts in this district recognize that a plaintiff alleging a pendent state tort claim must comply with New York's notice of claim rules. *See Fincher v. County of Westchester*, 979 F. Supp. 989, 1002 (S.D.N.Y. 1997) ("notice of claim requirements apply equally to state tort claims brought as pendent claims in a federal civil rights action"). "It is well settled that the failure to file a notice of claim bars state claims against individual defendants sued in their official capacities." *Brooks v. City of Nassau*, 54 F. Supp. 3d 254, 258 (E.D.N.Y. 2014); *Ong v. Park Manor (Middletown Park) Rehab. & Healthcare Ctr.*, No. 12-Cv-974 (KMK), 2015 U.S. Dist. LEXIS 133304, at *732 (S.D.N.Y. Sep. 30, 2015) (dismissing plaintiffs state law claims against the individual defendants sued in their official capacities because plaintiff failed to comply with the notice of claim requirements); *Vassilev v. City of New York*, No. 13-CV-5385, 2014 U.S. Dist. LEXIS 711722, at *3 (S.D.N.Y. Aug. 12,2014) (dismissing plaintiff's state law claims because the

plaintiff failed to file a timely notice of claim, and as a result, plaintiff's state law claims were time barred).

In the instant matter, Plaintiff alleges the state law claim of intentional infliction of emotional distress, however, Plaintiff has failed to allege the filing of a Notice of Claim or a filing within ninety days of the alleged incident giving rise to this action as is required by the General Municipal Law. *See* N.Y. Gen. Mun. L. §§ 50-e(1)(a) & 50-i(1). Therefore, as Plaintiff has failed to comply with the Notice of Claim requirements, any state law claims must be dismissed. *See Hardy v. New York City Health & Hosps. Corp.*, 164 F.3d 789, 793-94 (2d Cir. 1999).

**V. Conclusion**

The motion to dismiss, ECF No. 29, is hereby granted, and the Amended Complaint filed by Hardy is dismissed with prejudice. The pending motion to compel, ECF No. 46, is therefore denied as moot.

It is so ordered.

**New York, NY**
**September 5, 2017**

_____
ROBERT W. SWEET
U.S.D.J.